CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May, 30, 2025
LAURA A. AUSTIN, CLERK
BY:s/ KELLY BROWN
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No.: 1:24-CR-00003 |
| V. | ) |
| | ) |
| AUSTIN LEE HALE | ) |

**MEMORANDUM OPINION**

On February 28, 2025, a jury convicted Defendant Austin Lee Hale on one count of knowingly transmitting an online threat to "shoot the staff" at a Ballad Health System Hospital in violation of 18 U.S.C. § 875(c). Hale moves for acquittal, contending the Government failed to meet its evidentiary burden in demonstrating the necessary interstate commerce element of § 875(c). The evidence at trial showed that Hale sent his threatening message from his home in Gate City, Virginia to the Ballad Health hospital in Johnson City, Tennessee through the "Contact Us" page on the Ballad Health website. Ballad Health first received the message through a Salesforce server in Ashburn, Virginia, and a Ballad Health employee read it the next day from his desk in Johnson City, Tennessee. The evidence was sufficient for a reasonable jury to conclude that Hale transmitted his threatening message in interstate commerce[1], and therefore, his motion for judgment of acquittal is **DENIED**.

---

[1] The only aspect of the verdict Hale challenges is whether the Government proved that he transmitted his threatening message in interstate commerce. The evidence submitted as to the other elements of a violation of 18 U.S.C. § 875(c) were sufficient for a reasonable jury to find guilt.

I.     BACKGROUND

The evidence at trial, viewed in the light most favorable to the Government, shows that prior to January 2024 Hale had received medical treatment at several Ballad Health facilities in Tennessee, including Woodridge Hospital. *See* Gov't Exh. 6; Tr. at 31[2] (testimony confirming Hale had been treated at four Ballad Health locations in Tennessee: Holston Valley Medical Center, Bristol Regional Medical Center, Johnson City Medical Center, and Woodridge).

On January 8, 2024, while at his home in Gate City, Virginia, Hale conducted a series of internet searches for hospitals in Johnson City, Tennessee. Tr. at 65–72; Gov't Exh. 1[3]. During this session, he accessed Ballad Health's "Contact Us" webpage, which allows users to submit messages through a fillable online form. Hale selected Johnson City Medical Center and sent the following threat:

> "I'm gonna walk in to [sic] your hospital and shoot the stafff [sic] for what you did to me and my family."

Gov't Exh. 13.

Ballad utilizes the Salesforce's customer relationship management system to receive messages sent through their "Contact Us" webpage. *See* Tr. at 7, 18-19, 23. Those messages are stored on Salesforce's server in Ashburn, Virginia. *Id*. The Salesforce system then automatically notifies Ballad Health that a message has been received. *See* Tr. at 7, 25-26. Here, Brad Folck, the manager of Ballad Health's consumer contact center testified that on the morning of January 9, 2024, he arrived at his office in Johnson City, Tennessee and got a notification that a new message had been received. *See* Tr. at 7, 15. Folck, then "log[ged] in[to]" the Salesforce server

---

[2] The trial transcript is docketed at Dkt. 204 and is referred to as Tr.
[3] The trial exhibits are filed at Dkt. 186.

2

in Virginia, "access[ed]", and "downloaded" Hale's message. *See* Tr. at 14-15, 18-19, 21. Folck then immediately sent the threatening message to Tom Tull, Josh Smith and Austin Mitton, who are patient experience contacts with Ballad Health and are located in Johnson City, Tennessee. *See* Tr. at 9-10, 12, 18-19, 22; Gov't Exh 13.

## II.    STANDARD OF REVIEW

Under Rule 29 of the Federal Rules of Criminal Procedure, a district court must grant a defendant's motion for acquittal if the Government's evidence is legally insufficient to support a conviction. *See* Fed. R. Crim. P. 29(a), (c); *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003). Defendant bears the heavy burden of challenging the sufficiency of the evidence. *See United States v. Williams*, No. 23-4568, 2025 WL 678643, at *2 (4th Cir. Mar. 4, 2025) (citing *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997)). The defendant must show that the record contains insufficient evidence from which any jury could find guilt beyond a reasonable doubt. *United States v. Elfenbein*, 708 F. Supp. 3d 621, 655 (D. Md. 2023). A judgment of acquittal is unwarranted if, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime[ ] beyond a reasonable doubt.'" *United States v. Fulton*, No. 24-4300, 2025 WL 1299004, at *3 (4th Cir. May 6, 2025) (quoting *United States v. Rafiekian*, 991 F.3d 529, 544 (4th Cir. 2021), and *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Courts do not reassess witness credibility or reweigh the evidence but rather presume the jury resolved conflicting evidence in the prosecution's favor. *See United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022).

## III.    ANALYSIS

The jury found Hale guilty of a violation of § 875(c) which prohibits the transmission "in interstate or foreign commerce any communication containing . . . any threat to injure the person

of another . . ." 18 U.S.C. § 875(c). In doing so, the jury necessarily found that the Government proved beyond a reasonable doubt that Hale knowingly transmitted a communication in interstate or foreign commerce, *see United States v. White*, 810 F.3d 212, 220–21 (4th Cir. 2016), and that the communication in fact crossed state or national lines. *See United States v. Wadford*, 331 F. App'x 198, 204 (4th Cir. 2009) (addressing 18 U.S.C. §§ 875(b) and (d), which include the same interstate transmission requirement).

The dispute here centers on how much the defendant must actively participate in transmitting the message to cross those lines. Hale — citing no on point legal authority — contends the Government failed to establish that he personally transmitted the message across state lines. Instead, Hale argues that his act of transmitting the message concluded when it landed on the Salesforce server in Virginia, and that the message only crossed into Tennessee when Folck downloaded it from Tennessee and forwarded it to others outside Virginia. The Government contends the evidence establishes Hale transmitted the message in interstate commerce when he directed it to the Johnson City Medical Center in Tennessee, and Ballad only read the message when Folck downloaded it from the Salesforce server.

The Fourth Circuit has not directly addressed a case with analogous facts, but in considering another threat case under § 875(c) it held the interstate transmission element was satisfied when the sender and recipient were in different countries. *See United States v. White*, 810 F.3d 212, 228 (4th Cir. 2016). Other Circuits have held that a threat is transmitted in interstate commerce in violation of § 875(c) even where the defendant's immediate actions were not the direct or immediate cause of the threat crossing state lines. *See United States v. Haas*, 37 F.4th 1256 (7th Cir. 2022); *United States v. Kelner*, 534 F.2d 1020 (2d Cir. 1976). In *Haas*, the Seventh Circuit, applying plain-error review, upheld an § 875(c) conviction where the defendant

4

posted threats to a Russian website from Illinois and the threats were accessed and viewed months later in California. 37 F.4th at 1265. The evidence included that the defendant wrote the threat in English and targeted U.S. law enforcement, and individuals in California accessed the message. The court found the jury could conclude that the defendant "knowingly used . . . [the Russian website] to facilitate an interstate transmission, just as one would use the Post Office, UPS, or FedEx to mail a letter rather than personally driving it across state lines." *Id*. at 1266. The court further found it need not "insist on something as technologically reductive as proof that a communication traveled from a server in one state to a server in another, a dubious requirement that fails to take full account of the realities of the Internet and its functioning." *Id*. at 1265.

Similarly, in *Kelner*, the Second Circuit held that an intervening cause did not preclude liability under § 875(c). 534 F.2d at 1022–23. There, the defendant made threatening remarks during a televised interview in New York. A news station later broadcast the interview to viewers in Connecticut and New Jersey. The court held that Kelner took affirmative steps which led to the interstate broadcast, and that he acted with the intent—or at least the reasonable foresight—that others would transmit his statement across state lines. *Id*. at 1022. The court emphasized that a defendant with the necessary intent can be held criminally liable as a factual cause of an offense, even when an innocent intermediary carries out the prohibited action. *Id*.

Here, the evidence showed that Hale made a threat from his home in Gate City, Virginia and directed to the Ballad Health facility Johnson City Medical Center in Tennessee. Folck, a Ballad employee sitting in Tennessee, downloaded and disseminated the message from the Salesforce server. Similar to *Haas* and *Kelner*, Hale's message had a clear interstate target: he chose Johnson City Medical Center—where he had previously received treatment—as the

5

recipient and used language specifically alluding to that hospital. His threat, like those in *Haas* and *Kelner*, was ultimately viewed by an individual in another state — Folck, who accessed it through Salesforce's server. Further, the Fourth Circuit's dicta in *White* supports this position, stating that § 875(c)'s "foreign [or interstate] commerce element is clearly satisfied" where the sender and recipient of threatening emails are in different countries. *White*, 810 F.3d at 228.

Ultimately, to be acquitted, Hale carries the significant burden of proving that no reasonable jury could find his threat was transmitted in interstate commerce based upon the evidence presented. Viewed in the light most favorable to the Government, both the case law, and the direct and circumstantial evidence presented at trial are sufficient for a reasonable jury to conclude that this element of the § 875(c) charge has been satisfied.

## IV.    CONCLUSION

Hale has not met his burden of showing that no rational jury could find—beyond a reasonable doubt—that he transmitted a message across state lines, even if an intrastate third-party server initially received the message before it reached his targeted interstate recipient. Accordingly, his motion for acquittal is **DENIED**.

It is so **ORDERED**.

Entered: May 30, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge