# United States District Court
# Western District of Virginia
# Abingdon Division

| | |
|---|---|
| United States of America ) | |
| ) | |
| vs. ) | Case No. 1:24CR00003 |
| ) | |
| Austin Hale ) | |

## Defendant's Sentencing Memorandum

Matthew Hill
Assistant Federal Defender
201 Abingdon Pl.
Suite 201
Abingdon, VA 24210

Austin Hale should be sentenced to time served. Here is why:

Austin Hale has served 297 days on this case. From his arrest on January 9, 2024 through November 1, 2024. During that time Mr. Hale had detailed psychological and competency evaluations. Those reports have been filed with the Court. (ECF 25 & 69). Those reports, as well as the final PSR, and other submitted medical/psychiatric records, provide an abundance of information about Austin, his history, and his characteristics. The most prominent aspect of Austin is his medical history regarding his mental health. It was in the throes of a symptomatic mental health episode that the conduct underlying this case occurred. This characteristic should guide the sentence here.

When unmedicated Austin has an unquiet mind. A mind that perceives things that others do not; that reacts in ways that others would not. It was this unmedicated man with a chronic illness that sat at a computer and sent a message. When unmedicated Mr. Hale was on a repeating cycle of hospitalization, medication compliance, discharge, medication non-compliance, and critical episode leading back to the hospital. These are some of the history and characteristics of Austin Hale, 18 U.S.C. §3553(a)(1).

Mr. Hale was released on conditions on November 1, 2024. Those conditions are extensive and have been complied with by Mr. Hale. Prominent in these conditions, and in Austin's continued success, is his medication compliance. With this long period of compliance Austin has been peaceful, calm, and stable. He has

attended medical and psychological appointments as directed.  This stability supports a sentence of time served.

The nature of the crime of conviction is a felony.  A class D felony involving a threatening written communication conveyed via an internet portal to The Ballad Health corporation which, by its words, threatened the staff of that hospital.  That message was typed by Austin Hale whilst in the midst of a mental health crisis.

The number of persons who were made aware of the content of the communication is not clear.  Certainly, there were people within the customer experience department as well as the director of security but beyond that there is no clear evidence of who knew of the contents of the communication.  These are the nature and circumstances of the offense, 18 U.S.C. §3553(a)(1).

When considering the particular purposes set out in 18 U.S.C. §3553(a)(2) long sentences do little to promote respect for the law or deter future crimes.  Consider the findings of the Department of Justice's National Institute of Justice.[1]  Summarizing some of the NIJ points:  The certainty of being caught is vastly more effective at deterring criminal conduct than even draconian sentences.  Prison sentences are unlikely to deter future crime, rather it can have the opposite effect; persons incarcerated together may learn more effective criminal strategies and desensitize them to future prison sentences.  This weighs in favor of the sentence proposed by Mr. Hale.

---

[1] https://nij.ojp.gov/topics/articles/five-things-about-deterrence (last visited June 2, 2025)

The kinds of sentences available to the court are varied.  The Court is constrained only by the statutory maximum of five years.  Mr. Hale's proposal is for a sentence of incarceration of 297 days with 297 days credit followed by a term of supervised release.  Mr. Hale arrives at this number first based on the fact of his success since his release.  Second, two hundred ninety-seven days is ten months, and within the guideline range calculated in the presentence report of 10-16 months.  Third, as noted by the probation officer, U.S.S.G. §5H1.3 mental and emotional condition, may be grounds for a departure.

A sentence of 297 days is sufficient but not greater than necessary.  For Austin Hale.

**Restitution**

The government has stated in their objections to the presentence report that the Ballad Health Corporation is the victim in this matter.  That is inconsistent with the government's prior position in this case.

Mr. Hale had proffered a jury instruction that "the person of another" does not include a firm, association, or corporation.  The court rejected that instruction.  If "staff" are those who were threatened, not the corporation, and that is apparently the conduct the jury found within their verdict, then the only possible victim here is staff.

The government now takes the position that the corporation is the victim in this case entitling the corporation to restitution as opposed to the staff of the corporation.  Further, there has been no evidence tendered to the Defendant to

show any expenditures by Ballad Health to support any order of restitution. There has been no evidence submitted to show that any individual employee of the corporation has suffered a loss.

Section 18 U.S.C. §3663A addresses restitution. That statute defines victim as, "a <u>person</u> directly and proximately harmed as a result of the commission of an offense…" *Id.* (a)(2). Much like 18 U.S.C. §875(c), the crime of conviction here, the restitution statute uses person, as opposed to person, firm, association, or corporation. As the corporate entity of Ballad Health could not be threatened so they are not entitled to restitution. No restitution should be ordered here.

At this point Mr. Hale does not intend to call any witnesses or present any evidence at the sentencing hearing scheduled for June 5, 2025.

                                                     Respectfully Submitted,

                                                     By Counsel

                                                   Mary E. Maguire
                                                   Federal Public Defender
                                                   Western District of Virginia

                                                   **Matthew Hill**
                                                   Assistant Federal Public Defender
                                                   Missouri State Bar No. 47889 (inactive)
                                                   New Hampshire State Bar No. 18864
                                                   Arkansas State Bar No. 2018170
                                                   Attorney for the defendant
                                                   Federal Public Defender's Office
                                                   201 Abingdon Place
                                                   Abingdon, VA 24211
                                                   Telephone: (276) 619-6086
                                                   Fax: (276) 619-6090
                                                   matt_hill@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Assistant United States Attorney, this 3rd day of June, 2025.

s/Matthew Hill